## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| STEVEN BRASCOM, *Plaintiff*, v. TRANS UNION LLC *Defendant*. | Case Number: 8:24-cv- 2183<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Steven Brascom ("**Mr. Brascom**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, Trans Union LLC ("**Trans Union**" or "**Defendant**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Brascom against the Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331, as the FCRA is a federal statute.

3. The Defendant is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat. and Fed. R., Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida because the acts complained of were committed within Hillsborough County, Florida.

## PARTIES

5. Mr. Brascom is a natural person residing in the city of Tampa, Hillsborough County, Florida.

6. Mr. Brascom is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7. **Trans Union** is a Delaware limited liability corporation, with a primary business address of **555 West Adams Street, Chicago, IL 60661.**

8. Trans Union is registered to conduct business in the state of Florida, where its Registered Agent is **The Prentice-Hall Corporation System, Inc., 1201 Hays Street, Tallahassee, FL 32301.**

9. Trans Union is a nationwide Consumer Reporting Agency ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

# FACTUAL ALLEGATIONS

## Duplicate Tradelines

10. In May 1999, The Florida Department of Revenue opened an account regarding Mr. Brascom's child support obligation with account number 111386****("**Child Support**").

11. In December 2019, Child Support started reporting that the account was in collections to the "big three" CRAs – Experian Information Solutions, Inc. ("**Experian**"), Equifax Information Services LLC ("**Equifax**") and Trans Union.

12. Equifax and Experian continued to report the account under a single tradeline.

13. However, Trans Union, due to flaws in its procedures for identifying duplicate accounts, incorporated an additional tradeline into its file on Mr. Brascom.

14. As a result, Trans Union began reporting the Child Support account as two separate, distinct tradelines.

15. The dates the accounts were opened, the current balance owed, the high balance, and, perhaps most importantly, the 16-digit account numbers, were identical in both tradeline iterations of the Child Support accounts.

16. Two tradelines represented a child support account opened in May 1999

17. Two tradelines represented the child support account first started reporting in December 2019.

18. Two tradelines reported identical balances of $10,251.

19. Thus, the report claimed there was an aggregate $20,502 of debt owed in child support, although even in a light most favorable to Trans Union, the amount did not exceed $10,251.

20. Mr. Brascom did not have two child support orders opened in 1999.

21. Mr. Brascom did not owe $20,502 in child support.

22. The two Child Support tradelines clearly concern the same account belonging to Mr. Brascom that was opened by the Florida Department of Revenue in 1999.

23. Despite the obvious duplication of the Child Support account, Trans Union produced and sold reports about Plaintiff which included both iterations of the Child Support tradeline.

24. Trans Union has been sued multiple times in the past for reporting a single account across multiple tradelines and is thus well aware of the flaws in its software which *frequently* fail to catch and remove duplicate tradelines from appearing on a consumer's credit reports.

25. The Defendant's inclusion of the duplicate tradelines caused significant harm to Mr. Bageard's credit scores, as the number of collection accounts on a consumer's report adversely affects the consumer's scores.

26. Likewise, the amount of debt in collection adversely affects the consumer's debt-to-income ratios.

27. Mr. Brascom discovered the duplicate tradelines when he applied for a mortgage with Canopy Mortgage, LLC.

28. Trans Union sold a consumer report regarding Mr. Brascom to Canopy Mortgage, LLC.

29. Mr. Brascom was provided a report which included data from Equifax, Experian and Trans Union merged into one report, often called a Tri-Merge.

30. The Tri-Merge showed that Trans Union reported the duplicate tradeline and that information was provided to Canopy Mortgage, LLC.

31. Due at least in part to the presence of the two duplicate tradelines, Mr. Brascom was unable to obtain credit through Canopy Mortgage, LLC, who evaluated his application.

32. As a result of Trans Union's conduct, Mr. Brascom has suffered loss of credit, an inability to build equity in a car, damage to his reputation, and severe emotional distress.

33. Mr. Brascom has hired the undersigned law firm to represent him in this matter and has assigned the firm his right to fees and costs.

## COUNT I
## TRANS UNION'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

34. Mr. Brascom adopts and incorporates paragraphs 1 - 33 as if fully stated herein.

35. Trans Union violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold

regarding Mr. Brascom when Trans Union sold reports which contained duplicate tradelines regarding a Child Support account.

36. Trans Union has been sued before for identical conduct and is thus aware that its procedures for ensuring accuracy of reports are flawed, particularly pertaining to the prevention of duplicate tradelines.

37. Trans Union's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

38. Accordingly, Trans Union is liable, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Brascom's actual damages or statutory damages of $1000 per violation, plus punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Brascom respectfully requests this Honorable Court enter judgment against Trans Union for:

    a. The greater of Mr. Brascom's actual damages and statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

    d. Such other relief that this Court deems just and proper.

## COUNT II
## TRANS UNION'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)
## (Pled in the Alternative to Count I)

39. Mr. Brascom adopts and incorporates paragraphs 1 - 33 as if fully stated herein, and pleads this count strictly in the alternative to Count I.

40. Trans Union violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Mr. Brascom when Trans Union sold reports which contained duplicate tradelines regarding a Child Support account.

41. Trans Union acted negligently, and is liable, pursuant to 15 U.S.C. § 1681o, for Mr. Brascom's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Brascom respectfully requests this Honorable Court enter judgment against Trans Union for:

    a.    Mr. Brascom's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c.    Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Brascom hereby demands a trial by jury on all issues so triable.

Respectfully submitted on September 16, 2024, by:

**SERAPH LEGAL, P. A.**

*/s/ Bridget L. Scarangella*
Bridget L. Scarangella, Esq.
Florida Bar No.: 1022866
BScarangella@seraphlegal.com
2124 West Kennedy Boulevard, Suite A
Tampa, FL 33606
Tel: 813-567-1230 (Ext: 303)
Fax: 855-500-0705
*Counsel for Plaintiff*

**EXHIBIT LIST**

A       Mr. Brascom's Tri-Merge Report Date November 11, 2023